IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHEY A. HARE, SR.                )
                                    )
         Plaintiff,                 )   No. 02 C 3973
                                    )
    vs.                             )
                                    )
JOHN ZITEK, individually and in his )
official capacity as Chief of       )   Magistrate Judge
Police of the Stickney Police       )   Arlander Keys
Department, DONALD TABOR,           )
individually and in his official    )
capacity as President of the        )
Village of Stickney, and THE        )
VILLAGE OF STICKNEY, a municipal    )
corporation,                        )
                                    )
         Defendants.                )

### MEMORANDUM OPINION AND ORDER

This case is set for trial on August 7, 2006. The purpose of this Memorandum Opinion and Order is to resolve, to the extent possible at this juncture, the parties' objections to each other's proposed jury instructions.

1. General/Miscellaneous Objections

Initially, as to several general matters, the parties submitted proposed instructions that are almost identical; as to these, purely on style, the Court will give plaintiff's proposed number 3 over defendants' proposed number 1; defendants' number 2 over plaintiff's proposed numbers 12 and 14; and plaintiff's proposed number 18 over defendants' proposed number 4.

Next, plaintiff objects to defendants' proposed instruction

number 5, which defines proximate cause; the Court agrees that proximate cause plays no role in this case, and the instruction is, therefore, refused.

Next, plaintiff challenges defendants' proposed instruction number 7, which tells the jury that it need not concern itself with the wisdom of the defendants' actions; the Court agrees that the instruction is inappropriate given the claims alleged and, therefore, refuses the instruction.

Next, the defendants object to plaintiff's proposed instruction number 17 regarding demonstrative exhibits, arguing that the charts referenced in that instruction were not disclosed during discovery and should, therefore, not be used at trial. Having not yet seen the charts, the Court has no way of knowing what information they contain and, therefore, no way of gauging whether that information was disclosed during discovery. Accordingly, the Court will reserve ruling on this objection.

Defendants next object to plaintiff's proposed objection 24, which states that the evidence of Dora Madsen's conviction may be used solely to help the jury gauge her credibility as a witness. The defendants argue that the instruction should not be given and that the probative value of Ms. Madsen's conviction - which was for the same wrongdoing Mr. Hare alleges Chief Zitek engaged in - outweighs any potential prejudice that might result from the jury considering the evidence for purposes beyond impeachment. Until

the Court hears the evidence with regard to Ms. Madsen, it cannot gauge its probative value or its prejudicial impact. Accordingly, the Court will reserve ruling on this objection.

Next, the defendants challenge plaintiff's proposed instruction number 31, a limiting instruction concerning evidence about the defendants' alleged violations of various sections of the Illinois Pension Code. At this point, the Court agrees with the defendants that this instruction would seem to be inapplicable; to the extent the evidence suggests otherwise, the Court will reconsider the issue. For now, the defendants' objection is sustained and the proposed instruction is refused.

Finally, the plaintiff objects to defendants' proposed instruction number 15, entitled "Adverse Employment Action." The Court agrees that this instruction is inapplicable to Mr. Hare's constitutional tort claim. *See Powers v. Summers*, 226 F.3d 815, 821 (7th Cir. 2000)(an "adverse employment action" within the meaning of the antidiscrimination statutes is not required in a §1983 case).

### 2. Objections to the Retaliation Claim Elements Instructions

Each side has submitted proposed instructions on the elements of Mr. Hare's First Amendment Retaliation Claim. Mr. Hare submitted proposed instruction number 26, and the defendants submitted two versions, proposed instruction number 9 and alternative proposed instruction number 9. Based on the parties'

positions at the summary judgment stage, the Court assumes that the defendants intend to argue, and offer evidence to show that, to the extent they committed the acts that are alleged to be retaliatory, they did so, not because Mr. Hare exercised his First Amendment rights, but because of other reasons. If that is indeed the case, the Court would refuse the first version of defendants' proposed number 9 because it does not include language covering this claim.

With regard to the elements of the claim, the Court finds that the plaintiff's instruction better reflects the Court's rulings on the parties' motions *in limine*, and the Court will, therefore, give an instruction that incorporates the plaintiff's proposed instruction number 26 through paragraph 4, as modified as follows:

in paragraph 1, "and/or the Cook County Grand Jury" is inserted between Office and about;

in paragraph 2, "intentionally" is inserted before "adversely effected"; "one or more of the" is inserted before "retaliatory acts" and "described above" is inserted after "retaliatory acts"; "and acted" is changed to "while acting";

in paragraph 4, everything after "harmed" is stricken.

With regard to the language on the defendants' claim that they would have taken the allegedly retaliatory actions even if Mr. Hare had not exercised his First Amendment rights, the Court

4

finds that the defendants' proposed alternative language comes closer to the mark than the plaintiff's proposal, except that it limits the retaliatory acts and does not go far enough in the explanation. The Court will give the second to the last paragraph of defendants' proposed alternative number 9, with the following modifications:

in the first sentence, "reassigned and initiated an investigation against Plaintiff" is replaced with "done one or more of the acts described above"; and

in the second sentence, "for their decision to reassign Plaintiff, initiate an investigation against Plaintiff and deny Plaintiff legal representation" is replaced with "to take the actions they took."

The Court will give the final paragraph of plaintiff's proposed instruction number 26 in lieu of the final paragraph of defendants' proposed instruction.

The instruction, as modified and with all typographical and grammatical errors corrected, reads as follows:

> In this case, Plaintiff claims that Defendants violated his constitutional right to free speech when the Defendants committed one or more of the following retaliatory acts:
>
> A. Failed to provide Plaintiff with legal representation during a grand jury investigation;
> B. Changed Plaintiff's job duties, responsibilities, hours or work, and assignments;
> C. Attempted to initiate false criminal charges concerning Plaintiff's contact with Kimberly Koudelka;

5

D.  Initiated proceedings to revoke Plaintiff's Firearms Owner's Identification Card; and
E.  Interfered with the Stickney Police Pension Board's hearing and operations to prevent and potentially reverse Plaintiff's line-of-duty disability pension benefits, because the Plaintiff provided information to the Cook County State's Attorney's Office and Cook County Grand Jury about his suspicions of corruption within the Stickney Police Department.

To succeed on his claim, Plaintiff must prove several things by a preponderance of the evidence:

1.  That Plaintiff provided information to the Cook County State's Attorney's Office and/or the Cook County Grand Jury about his suspicions of corruption within the Stickney Police Department;

2.  That Defendants, Zitek and Tabor, either alone, or acting with others, intentionally adversely affected Plaintiff's employment when they committed one or more of the retaliatory acts described above while acting "under color of law." By this I mean that a person performs, or claims to perform, official duties under state, county, municipal law, ordinance, or regulation;

3.  That Plaintiff's providing of information to the Cook County State's Attorney's Office and/or the Cook County Grand Jury about his suspicions of corruption within the Stickney Police Department was a reason, alone or with other reasons, that Defendants, Zitek and Tabor, either relied on or were motivated by when they committed the retaliatory acts;

4.  That Plaintiff was harmed.

If Plaintiff has proved each of these things by a preponderance of the evidence, then you must consider Defendants Tabor's and Zitek's claims that they would have done one or more of the acts described above anyway. To succeed on this claim, the Defendants must prove by a preponderance of the evidence that even though Plaintiff complained to the State's Attorney's Office and testified before the grand jury about alleged corruption and wrongdoing in the Village of Stickney, there were other reasons that would have led

6

the Defendants to take the actions they took, even if
Plaintiff had not complained to the State's Attorney's
Office or testified before the grand jury.

If you find that Plaintiff has proved by a
preponderance of the evidence each of the things
required of him, and that the Defendants have not
proved by a preponderance of the evidence that they
would have taken the same action in the absence of
Plaintiff's statements to the State's Attorney's Office
and before the grand jury, then you must find for the
Plaintiff.

If, on the other hand, you find that Plaintiff did
not prove by a preponderance of the evidence each of
the things required of him, or if you find that he has,
but that the Defendants proved their claim by a
preponderance of the evidence, then you must find for
the Defendants.

3.  Objections to Municipal Liability Instructions

Each side submitted proposed instructions on municipal liability; Mr. Hare submitted proposed instruction number 28, and the defendants submitted proposed instruction numbers 13 and 14. Mr. Hare combined the substantive instruction with the instruction on the definition of "official policy," while the defendants separated the two.

The defendants object to plaintiff's proposed instruction number 28 on two grounds. First they argue that the Court, in its summary judgment ruling, "specifically states that Defendant Zitek was not a final policymaker for all actions Plaintiff complains of." This is false; on the contrary, the Court found that "there is sufficient evidence in the record to show that Chief Zitek had final decision-making authority with respect to

at least some of the alleged retaliatory acts." *Hare v. Zitek*, 414 F.Supp.2d 834, 862 (N.D. Ill. 2005). They also argue that the proposed instruction misstates the law; it doesn't. In fact, the proposed instruction follows almost to the letter the Seventh Circuit's model instructions for municipal liability.

As between the two sides' instructions, the Court finds that the plaintiff's is more complete and better reflects the claims. The Court will give plaintiff's proposed instruction number 28, with two modifications. First, the last sentence of the first paragraph of plaintiff's proposed instruction is changed to read "its official policy," not "their official policy." And, second, the first sentence of the "custom or practice" paragraph, which is slightly confusing as written, is modified to read: "A custom or practice of retaliating against whistleblower employees that is persistent and widespread, so that it is the Village of Stickney's standard operating procedure." Defendants' proposed numbers 13 and 14 are refused.

4. Objections to Plaintiff's
   Proposed Conspiracy Instruction

The defendants next challenge plaintiff's proposed instruction number 29, the substantive instruction on Mr. Hare's conspiracy claim. As framed in the amended complaint, Mr. Hare's conspiracy claim alleges that, in retaliation for him blowing the whistle on alleged corruption in the Police Department, Chief Zitek and Mayor Tabor conspired to trump up false allegations of

sexual harassment against him and to trump up evidence to support those allegations. But, as the Seventh Circuit has said, civil conspiracy under §1983 is not in and of itself actionable; it is simply a means of holding someone liable who didn't actually participate in the conduct. *See, e.g., Walker v. Thompson*, 288 F.3d 1005, 1008 (7th Cir. 2002). Based on the record as it stood at the time of the summary judgment ruling, the evidence will show that Chief Zitek personally committed the alleged retaliation arising out of the Kim Koudelka incident; there is no evidence tying Mayor Tabor to that incident. Accordingly, the Court is not persuaded that a conspirator liability instruction is warranted. If the evidence adduced at trial shows otherwise, the plaintiff is free to raise the issue at that time, and the Court may reconsider its ruling. For now, however, the defendants' objection to plaintiff's proposed instruction number 29 is sustained and the instruction is refused.

5. <u>Objections to Damages Instructions</u>

The defendants challenge all but one of the plaintiff's proposed instructions regarding damages; they object to proposed instruction number 34, which deals with compensatory damages; proposed instruction number 35, which deals with punitive damages; proposed instruction number 36, which deals with collateral source damages; proposed instruction number 37, which prohibits the jury from limiting damages because of a pre-

9

existing condition; and proposed instruction number 38, which addresses the plaintiff's duty to mitigate.

Turning first to compensatory damages, the defendants object to the instruction, arguing that Mr. Hare is not entitled to such damages. It is not clear whether the defendants are arguing that a plaintiff in a §1983 First Amendment retaliation claim is not entitled to compensatory damages, or whether they are arguing that Mr. Hare did not suffer any compensable harm. If the former, they are wrong. *See, e.g., Carey v. Piphus*, 435 U.S. 247, 254-59 (1978). And, if the latter, that is an argument that should be made at the close of the evidence, not at this stage of the game. The Court will adopt the plaintiff's proposed instruction, which mirrors substantially the Seventh Circuit's model jury instruction for compensatory damages in a constitutional tort case brought under §1983. The Court will give the instruction, with two modifications. First, an apostrophe will be inserted in the first sentence after the word "Defendants"; second, after paragraph 2, the Court will insert the definition of present value from the model instruction to assist the jury in understanding that term, as it is used in the instruction.

The defendants also object to Mr. Hare's proposed instruction on punitive damages, arguing that such damages cannot be awarded against the Village and that the defendants' motion *in*

*limine* on indemnification – which Mr. Hare did not oppose and which the Court granted – somehow affects the issue. The Court agrees that punitive damages are not available against the Village, *see City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981), but the same is not true of the individual defendants, *see Lifton v. Board of Education of the City of Chicago*, 290 F.Supp.2d 940, 946 (N.D. Ill. 2003). And the verdict form reflects that punitive damages may be assessed, if at all, only against the individual defendants. Plaintiff's proposed instruction number 35, which mirrors the Seventh Circuit's model instruction for punitive damages in constitutional tort cases brought under §1983, will be given. The Court's earlier ruling barring evidence of indemnification stands.

With regard to mitigation, the defendants have similarly offered a proposed instruction, which mirrors the Seventh Circuit's model instruction. The two proposed instructions are substantially similar – the only real difference being that the plaintiff's proposed instruction appears to attempt to define "comparable employment." The Court is not persuaded that any definition is necessary here and is concerned that the plaintiff's proposed instruction, which uses the terms "comparable employment" and "substantially equivalent position," may confuse the jury. Accordingly, the Court will give

11

defendants' proposed number 8, and refuse plaintiff's proposed number 38.

With regard to the collateral source damages instruction, given that the Court has already granted the plaintiff's motion *in limine* to preclude the defendants from arguing that any damages award should be reduced to account for pension benefits, this instruction would seem to be superfluous. Additionally, when read in connection with the mitigation instruction, it could confuse the jury. Accordingly, the Court will refuse plaintiff's proposed instruction number 36.

Turning to plaintiff's proposed instruction number 37, in ruling on the motions *in limine*, the Court refused Mr. Hare's request to bar evidence relating to a pre-existing psychological condition from which he may have suffered. In doing so, the Court emphasized that, in this lawsuit, Mr. Hare is entitled to compensation for only those injuries that were sustained as a result of the defendants' retaliatory actions. With that principle in mind, the Court will refuse plaintiff's proposed instruction number 37 because it would serve to confuse the issue and could suggest to the jury that it could award Mr. Hare compensatory damages for harm he suffered as a result of something other than the retaliatory acts alleged here.

6. Verdict Forms and Special Interrogatories

Along with his proposed instructions, Mr. Hare submitted a

proposed verdict form, to which the defendants have raised no objection. The Court will strike the conspiracy claim section, but use the remainder of the form.

The defendants did not submit a proposed verdict form, but they did submit four "special interrogatories," all of which are objected to by the plaintiff.

Special interrogatory 1 asks the jury to answer the question of whether Mr. Hare complained to either Chief Zitek or Mayor Tabor about being reassigned or investigated by the Sheriff's Department. The question is irrelevant to the claims and defenses presented and the interrogatory is, therefore, refused.

Special interrogatory 2 asks whether Mr. Hare has proved that either of the defendants retaliated against him because he complained about alleged corruption. The question is redundant, given the verdict form, and will, therefore, be refused.

Special interrogatory 3 asks whether the Village had a custom of retaliating against whistleblowers; given the instructions, this question too is subsumed in the verdict form. Interrogatory number 3 is refused.

Special interrogatory 4 asks the jury whether Mr. Hare resigned from his position for a legitimate reason. The Court fails to see the relevance of this question to any claim or defense presented, and the interrogatory is, therefore, refused.

## Conclusion

The parties' objections to proposed jury instructions are resolved as explained in this opinion. Issues reserved in this opinion will be addressed at the outset of the trial, which is scheduled to begin August 7, 2006 at 10:00 a.m.

Dated: August 3, 2006

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge