IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RICHEY A. HARE, SR.         )
                            )
        Plaintiff,          )    No. 02 C 3973
                            )
    vs.                     )
                            )
JOHN ZITEK, individually and in his)
official capacity as Chief of      )    Magistrate Judge
Police of the Stickney Police      )    Arlander Keys
Department, DONALD TABOR,          )
individually and in his official   )
capacity as President of the       )
Village of Stickney, and THE       )
VILLAGE OF STICKNEY, a municipal   )
corporation,                       )
                            )
        Defendants.         )

## MEMORANDUM OPINION AND ORDER

The purpose of this Memorandum Opinion and Order is to rule on the parties' objections to proposed trial exhibits.

A.   Plaintiff's Proposed Exhibits

Turning first to the defendants' objections to the plaintiff's proposed trial exhibits, pursuant to the Court's in-court ruling yesterday, Exhibits 13, 18, 19, 20, 21, 25, 28, and 29 are excluded.

Next, defendants' objection to Exhibit 6 is overruled; the documents are relevant to plaintiff's claim that he suffered a loss of overtime pay when Chief Zitek reassigned him and changed his duties, allegedly in retaliation for his whistle-blowing; they would also be relevant to rebut the defendants' claim that the changes in his assignments and duties had no impact on Mr. Hare.

Defendants object to Exhibits 14, 15, 16, 23 and 24 on hearsay grounds. The Court is not persuaded that these documents pose a hearsay problem, and the objections are, therefore, overruled.

Finally, the defendants object to Exhibits 43 and 44 on the ground that the information contained therein was not disclosed during discovery. Plaintiff, in response, argues that the information - plaintiff's lost pre-trial wages (Exhibit 43) and plaintiff's lost future earnings (Exhibit 44) - was, in fact disclosed. Whether or not it was disclosed, the information is based upon Mr. Hare's salary as of the time he left the Village of Stickney Police Department, multiplied by a period of years (through trial for Exhibit 43, or through a retirement date for Exhibit 44). The Court sees nothing shocking or surprising in the charts; moreover, they would seem to be a reasonable means of conveying to the jury the plaintiff's compensatory damages theory. Exhibits 43 and 44 will be allowed.

B.  Defendants' Proposed Exhibits

Turning to the defendants' proposed trial exhibits, the Court first notes that the defendants have included in their exhibit book a number of emails between Mr. Hare and Karyn Stratton (defendants' Exhibits A through U). The defendants moved *in limine* to bar these exhibits, and the plaintiff, who had objected to them in the first instance, did not oppose the motion to bar them. Accordingly, the Court granted the defendants' motion to exclude them. The

defendants will be held to that ruling, and the emails, which the Court excluded at the defendants' request, must be pulled from the exhibits binder. The documents may, however, be used for impeachment or other purposes.

Next, the plaintiff objects to Exhibits V, W, and AA through KK, arguing that these documents should be excluded consistent with plaintiff's Seventh Motion in Limine, which sought to bar any evidence that Mr. Hare improperly or inadequately supervised the Stickney Police Department's evidence room. The Court denied that motion, finding that the defendants were entitled to put on evidence to support their claim that any perceived mistreatment or harassment was the result of animosity that had nothing to do with Mr. Hare's whistle-blowing. The plaintiff's relevance objections to these exhibits are, therefore, overruled. Assuming the defendants can lay a proper foundation and avoid hearsay problems, these documents will be admitted. Until the defendants can satisfy the Court on hearsay, the documents should be removed from the exhibits books.

Next, the plaintiff objects to Exhibit X, a report prepared by Detective Mallon in the wake of the "Kim Koudelka incident." The report is relevant to the defendants' claim that Chief Zitek handled the Kim Koudelka incident the way he did, not because he wanted to retaliate against Mr. Hare for speaking out about corruption, but because he felt that the situation warranted an

3

investigation of alleged improper conduct. Having said this, it appears that the defendants seek to admit the report to show that Mr. Hare said or did what he is alleged to have said and done to Ms. Koudelka, and it is therefore hearsay. Accordingly, the report will be excluded unless the defendants can persuade the Court that it falls within a recognized exception. It too should be removed from the exhibit books until the hearsay issue is resolved.

The objection to Exhibit MM is overruled; although the rules and regulations were adopted in June 2001, some of the alleged acts of retaliation occurred after that time; the earlier version is also submitted and the plaintiff is free to explore any relevant modifications in the 1994 and 2001 versions. Exhibit OO, which would seem to be the same as Exhibit MM is excluded as redundant.

Exhibit PP is excluded; the Court fails to see the relevance; to the extent the defendants want to show that the Village was seeking to intervene in that proceeding, they may do so through live testimony. Exhibits RR, SS, and TT are similarly excluded and must be removed from defendants' exhibit book.

Date: August 8, 2006

ENTER:

_____
ARLANDER KEYS
United States Magistrate Judge